## Case No. 7,776.

### KIMBALL v. WELD et al.

[14 Int. Rev. Rec. 180.]

District Court, D. Massachusetts. 1871.

REVENUE LAWS—FRAUD—SEARCH WARRANT.

[1. The act of March 2, 1867 (14 Stat. 547), which provides that a search warrant may be issued in certain cases of frauds upon the revenue, is constitutional.]

[2. In the execution of the warrant the marshal has the right to examine all books and papers found on the premises, in order to select those mentioned in the warrant. But neither the marshal nor those acting under him have any right to inspect or examine books and papers for any other purpose.]

In the matter of the proceedings of the United States marshal under the search warrant issued upon this petition [by R. M. Kimball]. The warrant was issued under the second section of the act of March 2, 1867 [14 Stat. 547]. Such a warrant cannot be issued under the act of congress unless it is made to appear by complaint and affidavit, to the satisfaction of the judge of the district court, that a fraud on the revenue has been committed, nor unless the complaint shall set forth the character and the nature of the fraud alleged, describing also the importations and the papers to be seized. It is directed to the marshal, and it must prescribe the invoices, books or papers for which the search is to be made, and the place or premises where they are deposited; and the direction to the marshal must be to enter the prescribed place or premises where the invoices, books or papers are deposited, and to take possession of the same and produce them before the judge.

D. H. Mason and F. W. Hurd, for the United States.

E. D. Sohier and C. A. Welch, for respondents.

The district attorney stated that he desired to apply to the court for a new search warrant, but the matter was an ex parte proceeding and the respondents could have no right to appear in such an application. The counsel for the respondents, however, raised the question of the right of the marshal and his assistants to examine the private papers of the respondents. A discussion of considerable length then arose upon the petition for a stay of proceedings, which had been filed by William F. Weld & Co. on Tuesday, and upon which there had been a brief hearing on that day. This petition is as follows:

"United States of America, District of Massachusetts. To the Hon. John Lowell, Judge of the United States District Court in and for the District Aforesaid. Respectfully represent Richard Baker, Jr., William G. Weld, and George W. Weld, of the city of Boston merchants, that on the 20th day of November, current, Roland G. Usher, Esq., marshal of said district, professing to act under and by virtue of an order issued by your honor, bearing date the 18th inst., entered the store of your petitioners, No. 42 Central wharf, in said Boston, and demanded the books, papers, invoices, letters, and copies mentioned in the order aforesaid. That your petitioners thereupon informed the said Usher that the said documents were then locked up in the safes of your petitioners, mingled with other private books, documents, and papers of your petitioners not enumerated in said order. That your petitioners would, if a short time was given them, separate the papers and documents enumerated in said order, and deliver the same to said Usher, but that they declined to permit him to search and examine their other private papers and books, to select therefrom for himself by certain agents he brought with him such books and papers as he should deem enumerated in the warrant aforesaid. Whereupon the said Usher broke by force and violence into your petitioners' private safe, examined by himself and certain other unknown persons, some of whom were not residents of this district, your petitioners' private papers therein, and selected and took possession of certain books and papers therefrom, some of which were not even referred to in the warrant. That they are now proceeding to search the premises of your petitioners and examining their private papers and books, and are making preparations to burst open certain other safes of your petitioners to examine certain other papers and books now locked therein. And your petitioners pray that your honor would grant a stay of these proceedings on the order aforesaid, and order the said Usher to restore those papers and documents already taken by him under the proceedings thus far. And further, that the said Usher and those acting with him be directed to seal up and permit no one to examine any of the books or papers which they may by order of this court take into their possession. And your petitioners submit that the section of the act of the 2d of March, 1867, is unconstitutional and void. (Signed) William F. Weld & Co., by George W. Weld.

"Commonwealth of Massachusetts, County of Suffolk—ss.: On this 21st day of November, 1871, before me, a notary public for said county, personally appeared said George W. Weld and made solemn oath to the truth of the foregoing petition by him subscribed. Witness my hand and notarial seal. (Signed) Elisha Bassett, Notary Public."

It was contended on behalf of the petitioners in this petition that the statute upon which the warrant was issued was unconstitutional, and further that the marshal had improperly served the warrant by taking and examining other books and papers not described in the warrant. It was also contended that the marshal had no right to take other persons to assist him in the ex-

amination of the books and papers, but that it should be done by himself personally. The district attorney replied that the statute was constitutional, it having been so held by Judges Clifford and Shepley in the district of Maine, in the case of David R. Stockwell v. U. S. [Case No. 13,466]. It was argued that it was the duty of the marshal in serving the warrant to examine all books and papers on the premises for the purpose of finding out whether they corresponded with those directed to be seized, and that for the petitioners to pick out the papers would be making them serve the warrant and not the marshal. And finally it was contended that the court had no authority to dictate to the marshal who should be his deputies and who should act as his assistants in serving the warrant.

LOWELL, District Judge, said that the constitutionality of the statute had already been decided by the case cited, and he was bound by the decision. The books and papers were described in the warrant as fully as the subject-matter would admit; that in order to obtain the right books and papers the marshal would have the right to examine others, which might not turn out to be the ones described in the warrant; that he had the right to examine all books and papers and select those which corresponded with the warrant. The judge could not decide whom the marshal should appoint as his deputies. But neither the marshal nor any one acting under him could inspect the books to any other purpose than to determine their identity with those described in the warrant. He did not see that anything was asked in the petition which required that he should give any directions to the marshal.

The questions thus raised by the petition having been disposed of, the district attorney made application ex parte for a new warrant. This warrant was issued by the judge and delivered to the marshal. It is identical with the warrant first issued, except that it commands the marshal to seize the books and papers in the building numbered 43 Central wharf as well as in the building numbered 42. The Advertiser published the record in the case in full, which covers the complaint and affidavit of Reuben M. Kimball, special agent of the treasury of the United States for the district of Boston and Charlestown, who alleges that from letters of William F. Weld & Co. now in his possession, he has reason to believe and does believe that frauds upon the revenue of the United States have been committed by said firm in respect to 1.500 boxes of nutmegs imported January 3, 1868; 700 boxes of nutmegs imported July 24, 1869, 1,416 cases of nutmegs and 101 cases of mace imported April 1, 1870, and 1.225 cases of nutmegs imported January 25, 1871, by effecting entry of said goods, by means of various false and fraudulent

practices and devices, at less than the true weight thereof. And believes that invoices, bills of lading, letters, copies of letters, books, and papers relating to the true weight of said merchandise are deposited with and are in the custody of the said firm at their place of business, in the building numbered 42 on Central wharf in Boston. Also the affidavit of B. G. Jaque, special agent of the treasury department in the state of New York, who alleges that he has in his possession certain bills of sale, made out and signed by William F. Weld & Co., of Boston, of goods imported into the port of Boston and Charlestown, ex ship Borneo, January 3, 1868; ex ship Nabob, July 24, 1869; ex ship Rainbow, April 1, 1870; ex ship Fearless, January 3, 1871. Which he has carefully compared with the entries made by the said William F. Weld & Co., at the said port, at the time of said importations; and that the quantities and weights of the said goods as returned by the United States weighers are greatly less than the quantities and weights of the said goods as sold by the said William F. Weld & Co. And deponent further says that he is now in possession of a number of letters in the handwriting of Richard Baker, Jr., a partner in the firm of William F. Weld & Co., in which the attention of the purchasers of the said goods is called to the large discrepancies between the actual weights of the said goods and the fraudulent weights; and returns obtained by the said William F. Weld & Co., at the custom-house in Boston, and upon which duties are to be assessed. And whereas the discrepancies so stated to exist are held out as inducements to the purchasers to buy of the said William F. Weld & Co.

On this application LOWELL, District Judge, issued the following warrant, which was placed in the hands of United States Marshal Usher: "(Copy of the Warrant.) United States of America, Massachusetts District—ss.: To the Marshal of the United States within and for the District of Massachusetts, or his Deputy: It appearing to my satisfaction, as judge of the district court of the United States within and for the district of Massachusetts. from the complaint and affidavit of Reuben M. Kimball filed in said court, that frauds have been committed by Richard Baker, Jr., William G. Weld. and George W. Weld. merchants and copartners under the firm and style of William F. Weld & Co., doing business in Boston. and being a firm interested and engaged in the importation and entry of merchandise at the port of Boston and Charlestown, in respect to certain merchandise imported by said firm into said port of Boston and Charlestown, of which the importations and the dates on or about which entry was made are as follows: Fifteen hundred boxes of nutmegs imported in ship Borneo, January 3, 1868; 700 boxes of nutmegs imported in ship Nabob, July 24,

1869; 1,416 cases of nutmegs, 8,101 cases of mace, imported in ship Rainbow, April 11, 1870; 1,225 cases of nutmegs in ship Fearless, January 3, 1871. And it further appearing that certain invoices, bills of lading, letters, copies of letters, books, and papers relating to said merchandise, in respect to which said frauds are alleged to have been committed, are deposited in the building numbered 42 Central wharf, in said Boston, which building is in part occupied by said William F. Weld & Co. Now, therefore, in pursuance of the second section of an act of congress entitled an act to regulate the disposition of the proceeds of fines, penalties, and forfeitures incurred under the laws relating to the customs and for other purposes, approved March 22, 1867 [14 Stat. 546], you are hereby required by yourself or deputy to enter in the daytime the place and premises occupied by said William F. Weld & Co., in said building, No. 42 on Central wharf, in said Boston, and to take possession of all said invoices, bills of lading, letters, copies of letters, books, and papers relating to said merchandise imported as aforesaid, and produce the same before me, the said judge, forthwith, in said Boston, at the United States court-house in said Boston, there to remain subject to the order of me, the said judge, according to law, for which this shall be your sufficient warrant. Hereof fail not to make due return of this warrant, with report of your service and proceedings thereon, unto the said court, to be holden at Boston, in said district, as soon after the service thereof as may be. Witness the Honorable John Lowell, judge of the district court of the United States at Boston, the 18th day of November, in the year of our Lord 1871. (Signed) John Lowell. (Seal.)"

The official report of the action of Marshal Usher under this warrant is as follows: "Affidavits of Search. Then follow the several affidavits of the United States marshal and his deputies, declaring that the premises in question were searched, as stated in detail therein, as follows: 'United States of America, District of Massachusetts—ss. District Court of the United States. I, Rowland G. Usher, United States marshal for the district aforesaid, on oath declare and say, that on the 20th day of November current, a search warrant was placed in my hands to search the premises occupied by the firm of William F. Weld & Co., at No. 42 Central wharf, in said district, for certain bills, invoices, letters, copies of letters, books, and papers, described in said warrant; that pursuant to the commands of said warrant I proceeded to execute the same upon the said premises; that at the time I first served this said warrant there were several safes in and on said premises supposed to contain books and papers; that I requested and demanded by virtue of said warrant of George W. Weld, one of the members of the aforesaid firm, access to the aforesaid safes; that said request and demand

were refused; that I then inquired of said Weld whether any of the books or papers described in said warrant were contained in a certain one of said safes, naming it; that said Weld replied that said books and papers were contained therein, but refused to open or suffer to be opened any or either of the aforesaid safes; and I further declare that I verily believe books and papers mentioned in said search warrant may be found contained in each and all of the aforesaid safes. I further declare that one of said safes was contained in a room leading off from the main office of the said firm, and that said Weld claimed said room to be within the building numbered forty-three in said Central wharf. Roland G. Usher, United States marshal.' "

The marshal's affidavit is supported by the affidavits of U. S. Inspector C. E. Graves and George E. Priest, who were with him.